UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WHITTED,

    Plaintiff,

v.

    Case No. 2:24-cv-12874
    Hon. Jonathan J.C. Grey

PEOPLE OF THE STATE
OF MICHIGAN, et. al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Before the Court is Plaintiff Daniel Whitted's pro se civil rights complaint filed under 42 U.S.C. § 1983. (ECF No. 1.) Whitted is currently incarcerated at the Monroe County Jail in Monroe, Michigan. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE**.

On November 4, 2024, Magistrate Judge David R. Grand signed an order of deficiency, which required Whitted to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current

computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months; the order alternatively allowed Plaintiff to pay the three hundred and fifty ($350.00) dollar filing fee plus the fifty five ($55.00) dollar administrative fee. Plaintiff was given thirty days to comply with the order. (ECF No. 2.)

On November 15, 2024, Plaintiff provided this Court with an application to proceed without prepayment of fees. (ECF No. 4.) Plaintiff, however, failed to provide this Court with a certified trust account statement or a current copy of a computerized jail trust fund account. Plaintiff's application is deficient because he failed to submit a certified trust account statement or a current copy of his computerized jail trust fund account.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of

each prison or jail at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

Although Plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff's complaint is deficient because he failed to provide the Court with a certified account statement as well as copy of his computerized jail trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess

the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff failed to correct the deficiency order; the Court will dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED.**

Dated: December 11, 2024

s/Jonathan J.C. Grey
Jonathan J.C. Grey
United States District Judge

4

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 11, 2024.

                              s/ **S. Osorio**
                              Sandra Osorio
                              Case Manager